IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAGNOLIA ENTERPRISES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ROY N. SCHONS, THE REAL ESTATE CONNECTION, DAVID R. DEICHMAN, ARLENE A. DEICHMAN, AND THE DEICHMAN FAMILY REVOCABLE TRUST,<br><br>        Defendants. | Case No. CV-08-376-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Partial Summary Judgment (Docket No. 10). The Court heard arguments of counsel on April 7, 2009. As explained below, after considering the briefs and arguments of counsel, the Court denies Plaintiff's Motion for Partial Summary Judgment.

## BACKGROUND

This case arises from a real estate transaction. Plaintiff Magnolia Enterprises, LLC ("Plaintiff") agreed to purchase real property from Defendants. Three writings, signed by the parties to this action, concern the purchase and sale

**Order - Page 1**

of Defendants' property to Plaintiff. First, the parties signed a Real Estate Purchase and Sale Agreement ("REPSA") on March 26, 2004. An addendum to the Real Estate Purchase and Sale Agreement ("Addendum") was signed by the parties on that same day. Then, on April 16, 2004, the parties signed another agreement ("Agreement") concerning the property sale. The REPSA references the Addendum and the Agreement references both the REPSA and the Addendum.

Both the Addendum and the Agreement contain right of first refusal language. Both writings state:

> 10. Right of First Refusal: The Purchaser shall have a First Right of Refusal to purchase Seller's retained property. Seller agrees to give Purchaser twenty (20) days written notice and a copy of all written offers Seller receives on their retained property. Purchaser must respond in writing and match the third party's offer within the twenty (20) days or the Seller is free to sell to the third party that wrote the offer.

Neither document contains a definition of the "Seller's retained property." Nor do they contain a legal description of the retained property. However, pursuant to the terms of the Agreement, Defendants were to complete a lot-line adjustment after the sale. The lot-line adjustment required a survey and a second amended survey, which was completed at some point after all agreements had been signed. The survey described two parcels as "Parcel A" and "Parcel B." After the lot-line adjustment was completed, a warranty deed was executed conveying the "Parcel

**Order - Page 2**

B" real property to Plaintiff.

Subsequently, Defendants sold some of their real property, "Parcel A," without giving Plaintiff notice.  Plaintiff claims the property sold was the "Seller's retained property" referenced in the right of first refusal in the Addendum and Agreement.  Plaintiff then filed the complaint in this case in September of 2008, claiming breach of contract and seeking damages.

## ANALYSIS

**I.     Standard of Review for Summary Judgment Motions**

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id*. at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving

**Order - Page 3**

party, *id.* at 255, and the Court must not make credibility findings. *Id.* On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## II.   Discussion

The main disagreement between Plaintiff and Defendants on this motion is whether a sufficient description of the property subject to the right of first refusal is contained in the Agreement and Addendum. Plaintiff contends a right of first refusal is not an interest in real property subject to the statute of frauds, so that

extrinsic evidence may be used to help define what the parties meant in using the term "Seller's retained property." Plaintiff further argues that, even if a right of first refusal is an interest in real property and subject to the statute of frauds, the standard for sufficiency of a property description is not as burdensome for a limited interest in real property as it is for the outright sale of real property. Defendants argue the statute of frauds applies with full force to a right of first refusal because it is an interest in real property, and that the term "Seller's retained property" is an insufficient description to satisfy the strict standard for describing property imposed by the statute of frauds. As the standard for sufficiency of the description depends, in part, on whether a right of first refusal is subject to the statute of frauds, the Court addresses this issue first.

### A.  A Right of First Refusal is an Interest in Real Property and is Subject to the Statute of Frauds

The Idaho appellate courts have not directly addressed the question of whether a right of first refusal is an interest in real property. However, the Idaho case law suggests that, if presented with that precise question, the Idaho courts would conclude that it is. One strong indicator of such a result is the manner in which the federal and state courts have dealt with options to purchase real property under Idaho law.

Options are similar to a right of first refusal; indeed, rights of first refusal are a type of option. Both restrict whether a landowner can sell his land to someone other than the holder of the option or right of first refusal. Therefore, whether options are considered an interest in real property by Idaho courts is instructive to whether Idaho courts would consider a right of first refusal an interest in real property.

The Ninth Circuit, reviewing an older version of Idaho's statute of frauds, which was identical in all material respects to the current version, determined that oral agreements to create an option or extend an existing written option were invalid because options had to comply with the writing requirement of the statute of frauds. *Lawyer v. Post et al.*, 109 F. 512, 514 (9th Cir. 1901). The Idaho Supreme Court, citing to *Post*, has more recently stated that options must comply with the statute of frauds. *Southern v. Southern*, 438 P.2d 925, 926-27 (Idaho 1968). Because a right of first refusal is so similar in nature to an option, the Court concludes that a right of first refusal is an interest in real property subject to the statute of frauds.[1]

---

[1] The Court also finds support from other jurisdictions for its conclusion that a right of first refusal is subject to the statute of frauds. The Idaho statute of frauds requires that any conveyance, grant, or assignment of an interest in real property be in writing. Idaho Code §§ 9-503, 9-505. At least one other jurisdiction with similar statutory language treats a right of first refusal as a property interest subject to the statute of frauds. E.g., *Bravo Farms, L.L.C. v. Battin*, No. 26550-1-III, 2008 WL 3867162, at *2-3 (Wash. App. Div. 3).

**Order - Page 6**

### B. The Right of First Refusal Does Not Contain an Adequate Legal Description and the Plaintiff is therefore not entitled to Summary Judgment

Turning then to the question of whether the right of first refusal in the parties' Addendum and Agreement complied with Idaho's statute of frauds, the Court notes that one of the requirements of the statute of frauds, other than that the agreement must be in writing, is that "the writing must also contain a description of the property, either in terms or by reference, so that the property can be identified without resort to parol evidence." *Ray v. Frasure*, 200 P.3d 1174, 1177 (Idaho 2009). This standard is as strict as it appears. The Idaho courts have held that it is not satisfied by a lot and block number if a reference to the political subdivision is omitted, *Allen v. Kitchen*, 100 P. 1052 (1909), by reference to a tax notice, *Garner v. Bartschi*, 80 P.3d 1031, 1036 (Idaho 2003), by reference to a survey yet to be conducted of land excluded from the sale, *White v. Rehn*, 644 P.2d 323, 325 (1982), or by reference to a street address. *Ray v. Frasure*, 200 P.3d 1174, 1177 (Idaho 2009). *But see In re: Miller v. Provident Bank*, 260 B.R. 158 (Bankr. D. Idaho 2001).

Plaintiff contends that Idaho would not impose the same rigid requirement of a sufficient property description for limited interests in real property, such as a right of first refusal, as it does for outright sale of real property. However, Plaintiff

**Order - Page 7**

overstates the holding of the cases upon which it relies. For example, Plaintiff cites an Idaho Supreme Court case for the proposition that a simple sketch of road on a plat is enough of a description. *Monaco v. Bennion*, 585 P.2d 608 (Idaho 1978). However, in *Monaco*, the court did not address the issue of sufficiency of description. Rather, the focus of the decision was on an estoppel argument based on a claim that the defendant had made a dedication of the land in question which was analogous to a public road dedication. In that context, the sketch was discussed as providing further evidence of this analogy. *Id*. When read in context, the interpretation that Plaintiff gives to the case is unsupported by its language or reasoning.

Another example is *Garmo v. Clanton,* 551 P.2d 1332 (Idaho 1976), in which the Idaho Supreme Court focuses on the sufficiency of a price description. The right of first refusal in that case described the subject property as "a narrow strip of land," and the court did indicate that a right of first refusal was created. However, there was no discussion about the adequacy of the description, and it appeared that the parties' only concern on appeal was whether the language discussing price was adequate. The case is therefore unhelpful to the decision in this case.

The same conclusion can be drawn from the other Idaho cases cited by the

**Order - Page 8**

plaintiff. They are taken out of context, or otherwise do not support the plaintiff's contention that a right of first refusal is subject to a different standard for a property description than the outright sale of real property.

Plaintiff goes on to cite Missouri and Montana cases for the proposition that rights of first refusal should be treated differently from the outright sale of real property because the terms of a right of first refusal must be general since it is a right that will not come to fruition until a later date in the future. While this may be true of the price term, which the seller will not know until an offer is made, it is not true of the property description. The policy arguments in favor of the statute of frauds for an outright conveyance of real property apply with equal force to a right of first refusal. In both instances, the statute will avoid litigation, prevent clouds on the title of real property, and prevent unnecessary disputes as the precise boundaries of the property to be conveyed. Accordingly, the Court concludes that the standard for a sufficient property description reflected in decisions discussing the sale of property in Idaho should be applied to rights of first refusal.[2]

For a property description to be sufficient, the quantity, identity, or boundaries must be determinable from the face of the contract or by reference to

---

[2]Although both parties cite to other states' law for further discussion of how the standard for a property description operates in a land sale contract, the Court declines to use such precedent as there is sufficient and binding Idaho law on point.

**Order - Page 9**

extrinsic evidence to which the contract specifically refers. *Lexington Heights Development, LLC v. Crandlemire*, 92 P.3d 526, 531 (Idaho 2004). Parol evidence may not be used to supply a description. *Id*. The statute of frauds may be satisfied by a legal description contained in a document extrinsic to the contract, but the contract must contain a clear and unambiguous reference to that extrinsic document. *Ray v. Frasure*, 200 P.3d 1174, 1179 (Idaho 2009).

The decisions of the Idaho Supreme Court indicate that this requirement is exacting. For example, in *Ray v. Frasure*, the seller and buyer used only the physical address of a residence to describe the real property to be sold and left the spot for a legal description blank. *Id*. at 1175. The court held that a physical address alone was not a sufficient legal description. Significantly, the court declined to consider the legal description contained in the deed previously conveying the residence with the exact same physical address to the seller because the contract in question did not contain a specific reference the deed. *Id*. at 1179. Similarly, in a case where a description, in the form of a map with writing, was physically attached to an addendum that was referenced in the contract, but the addendum indicated it was only one page and did not itself reference the attached map, the Idaho Supreme Court could not conclude the map became part of the contract. *Bauchman-Kingston Partnership LP v. Haroldsen*, No. 34551, 2008 WL

**Order - Page 10**

5133788, at *4 (Idaho).    Finally, and perhaps most significantly, the court's decision in *Lexington Heights Development, LLC v. Crandlemire*, 92 P.3d 526, 531 (Idaho 2004), makes clear that a reference to a survey to be performed after the execution of the contract is insufficient.  In *Lexington Heights*, the parties entered into a written contract that stated the legal description would be prepared as a result of an "ALTA survey."  *Id*.  After the ALTA survey was completed, the parties entered into a superceding contract which contained the same reference to a legal description which "will be" prepared as a result of an "ALTA survey" to be obtained by the seller.  *Id*.  The court determined this was an insufficient legal description because the previous ALTA survey could not be used as it was already in existence and the contract referred to a survey that was to be done subsequent to the contract.  *Id*. at 532.

In this case, the parties' agreements do not contain a sufficient legal description.  The property subject to the right of first refusal is only described as the "Seller's retained property," and no legal description is provided.  While the parties' agreements provided for a survey of the conveyed property to be conducted after the contracts had been signed, there is no explicit provision as to how the conveyed property was to be distinguished from the retained property.  As such, the agreements did not make a clear and unambiguous reference to an

**Order - Page 11**

extrinsic document containing a precise legal description of the "Seller's retained property." Indeed, the survey was not in existence at the time the contracts were executed, and therefore could not provide the required legal description by reference. For these reasons, Plaintiff's motion for summary judgment must be denied.

## CONCLUSION

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 10) shall be, and the same is hereby, DENIED.



DATED: **June 10, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge